```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

SCOTT NESBITT,
    Plaintiff,
                                                       PRISONER
    v.                          CASE NO. 3:10-cv-1116 (DJS)

WARDEN, ET AL.
    Defendants.

## INITIAL REVIEW ORDER

The plaintiff, incarcerated at Willard-Cybulski Correctional Institution ("Willard") in Enfield, Connecticut, filed this civil rights action *pro se* under 42 U.S.C. § 1983. He named Warden Peter Murphy and the Head of the Medical Department at MacDougall Correctional Institution ("MacDougall") as defendants. On January 4, 2011, the court dismissed the complaint as to Warden Murphy and permitted the plaintiff leave to file an amended complaint to identify the Head of the Medical Department. On February 4, 2011, the plaintiff filed an amended complaint naming Commissioner of Correction Leo Arnone, Dr. Syed Naqvi, Jane Doe, Head of Corrections Medical, John Doe, Head of Medical at MacDougall and Jane Doe, Supervisor of Medical at MacDougall as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

    The plaintiff alleges that on December 20, 2008, he fell and injured his back.  On December 21, 2008, while a nurse changed the bandage on one of the plaintiff's knees, the plaintiff complained that he was experiencing pain in his back.  He asked to be seen by a doctor or taken to the emergency room.  The nurse informed the plaintiff that he was already receiving pain medication and was scheduled to see the doctor.

2

Dr. Naqvi did not examine the plaintiff until January 28, 2009. At that time, the plaintiff asked for an MRI because he believed that there was something seriously wrong with his back. Dr. Naqvi did not recommend that the plaintiff undergo an MRI.

Dr. Naqvi examined the plaintiff again on March 4, 2009 and ordered x-rays of the plaintiff's back. Dr. Naqvi reviewed the x-rays with the plaintiff on March 18, 2009. The x-rays showed two displaced vertebra in the plaintiff's spine and inflammation of his joints. Dr. Naqvi renewed the plaintiff's pain medication, but took no other action with regard to the plaintiff's back injury.

On July 30, 2009, the plaintiff was transported to University of Connecticut Health Center ("UCONN") for an MRI. The plaintiff claims the MRI showed significant injury to the vertebrae in his spine. On August 5, 2009, someone in the medical department at MacDougall informed the plaintiff that a physician would be in touch with him regarding future treatment. Pain medication and a mental health medication were prescribed for the plaintiff. The plaintiff did not consent to the administration of mental health medication.

The plaintiff continued to complain that he was in constant pain and the medication was not working, but Nursing Supervisor Barber took no action. A neurosurgeon at UCONN examined the plaintiff in March 2010 and recommended that the plaintiff receive an epidural steroid injection followed by physical therapy and indicated that surgery would be the last resort.

Nursing Supervisor Barber denied the plaintiff any opportunity to receive physical therapy.  He returned to UCONN and received an epidural steroid injection on July 14, 2010.  Approximately one month after the plaintiff received the steroid injection his back pain became worse.  Dr. Naqvi and Nursing Supervisor Barber ignored his pain, refused to provide him with therapy, a better mattress or a bottom bunk pass.  In early January 2011, Dr. Clemens requested that the plaintiff undergo back surgery, but the request was denied.  According to the plaintiff, Dr. Clemens submitted an appeal from that denial, but the appeal was denied by "Dr. Ducate, mental health doctor . . . ."  (Dkt. # 8, at 9.)

The plaintiff seeks monetary damages from the defendants in their individual and official capacities.  The official capacity claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff claims that at some unspecified point he wrote a letter to Commissioner Arnone complaining about his mistreatment at MacDougall.  In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional

4

violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  The plaintiff does not allege that Commissioner Arnone was personally involved in the alleged denial of medical treatment.

Furthermore, the doctrine of respondeat superior is inapplicable in section 1983 cases.  *See Hayut v. State University of New York*, 352 F.3d 733, 753 (2d Cir. 2003).  Thus, supervisors, such as Commissioner Arnone, are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  To establish a supervisory liability claim, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant failed to act on information indicating that unconstitutional acts were occurring.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  The

plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

The plaintiff simply alleges that he wrote a letter to Commissioner Arnone regarding his alleged mistreatment at MacDougall. There is no other allegation in the amended complaint pertaining to Commissioner Arnone. Thus, the facts do not support a claim of supervisory liability against Commissioner Arnone. The claims against defendant Arnone are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Although the plaintiff refers to numerous John and Jane Does in the body of the amended complaint, he does not specifically refer to Jane Doe, Head of Corrections Medical, John Doe, Head of Medical at MacDougall or Jane Doe, Supervisor of Medical at MacDougall. Thus, the plaintiff has not alleged that defendant Jane Doe, Head of Corrections Medical, John Doe, Head of Medical at MacDougall or Jane Doe, Supervisor of Medical at MacDougall violated his constitutionally or federally protected rights. The claims against the defendant John and Jane Does are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The court concludes that the case should proceed at this time as to the claims of deliberate indifference to the plaintiff's medical needs against Dr. Syed Naqvi in his individual capacity.

### **ORDERS**

In accordance with the foregoing analysis, the court enters

the following orders:

(1)   All official capacity claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and all other claims against defendants Arnone, Jane Doe, Head of Corrections Medical, John Doe, Head of Medical at MacDougall and Jane Doe, Supervisor of Medical at MacDougall are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed as to defendant Dr. Syed Naqvi in his individual capacity.

(2)   **On or before June 7, 2011, the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant Naqvi and mail a waiver of service of process request packet to him in his individual capacity at his current work address.  On July 12, 2011, the Pro Se Office shall report to the court on the status of the waiver request.  If  defendant Naqvi fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant Naqvi shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)   **The Pro Se Prisoner Litigation Office shall** send written

notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)  **Defendant Naqvi shall** file his response to the complaint, either an answer or motion to dismiss, on or before **August 2, 2011.** If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(6)  **Discovery**, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **January 18, 2012.**  Discovery requests need not be filed with the court.

(7)  All **motions for summary judgment** shall be filed on or before **February 17, 2012.**

(8)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection.

(9)  **The court notes that the plaintiff referred to a Nursing Supervisor Barber and a Dr. Ducate in the body of the amended complaint.  He did not, however, name either as a defendant in the caption of the amended complaint.  If the plaintiff seeks to name one or both of these individuals as a defendant, he will need to file a motion to amend and a proposed amended complaint.  A**

proposed amended complaint shall include all of the claims that the plaintiff seeks to have the court consider as well as a request for relief.  The caption of the proposed amended complaint must include the names of all defendants.  **Any motion to amend and proposed second amended complaint must be filed by June 24, 2011.**

SO ORDERED at Hartford, Connecticut this 24th day of May, 2011.


                                    /s/ DJS
                                    Dominic J. Squatrito
                                    United States District Judge